NEUWIRTH, D. B. A. DAIRY ISLE IN LAKEWOOD, APPELLANT, *v.* BOWERS, TAX COMMR., APPELLEE.

(No. 7111—Decided October 30, 1962.)

*Messrs. Hartshorn, Thomas, Edelman & Fludine,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. John J. Lokos,* for appellee.

BRYANT, J. The sole question for determination at this time arises under a motion to dismiss the appeal filed on behalf of Stanley J. Bowers, appellee herein. Charles F. Neuwirth, d.b.a. Dairy Isle in Lakewood, the appellant herein, has filed a memorandum in opposition to the motion.

It appears that the Tax Commissioner made a sales tax assessment against Neuwirth based upon sales of soft ice cream from a store called Dairy Isle in Lakewood and that on appeal this assessment was affirmed by the Board of Tax Appeals. Neuwirth has filed a notice of appeal to this court setting forth the errors claimed. Attached to the notice are an indication of service of the notice upon the board and a copy of the board's entry deciding the appeal.

The ground for the motion to dismiss is that Neuwirth was required, if he desired to appeal to a Court of Appeals, to file his notice of appeal with the Court of Appeals for Cuyahoga County, Ohio, it being argued that Charles F. Neuwirth is "an individual taxpayer" who "lives in Cleveland, Cuyahoga County, Ohio '(see Board of Tax Appeals decision)," and "whose business and property is in Cleveland, Cuyahoga County, Ohio (see Board of Tax Appeals decision)."

The first paragraph of Section 5717.04, Revised Code, is pertinent here and provides as follows:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer resides. If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court or to the Court of Appeals for the county in which the property taxed is situate, or the county of residence of the agent for service of process, tax notices, or demands, or the county in which the corporation has

its principal place of business. In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Court of Appeals for Franklin county.''

As we view the situation, it seems clear that Neuwirth, the taxpayer, is an individual and his right to appeal, if he resides in Ohio, is governed by the first sentence of Section 5717.04, *supra*. If he resides in Cuyahoga County, Ohio, and he wishes to appeal to a Court of Appeals, he must file his notice of appeal with the Court of Appeals for the county in which he resides.

If, as appears unlikely, Neuwirth resided outside the state of Ohio, the last sentence of the first paragraph of Section 5717.04, *supra,* above quoted, would apply, and if he chose to appeal to a Court of Appeals, he would be required to file his notice of appeal with this court.

The brief filed by the appellant contends that this appeal is governed by the final sentence of the opening paragraph of Section 5717.04, *supra,* a position which we must reject in the absence of some showing that appellant resides outside the state of Ohio, or other grounds.

Our examination of the entry of the board discloses evidence in the caption, and on page two thereof, that the *place of business or store and parking lot* of Neuwirth was at 15315 Madison Avenue, which is located in Lakewood, Ohio. We judicially notice that both Lakewood and Cleveland are in Cuyahoga County, Ohio, and not in Franklin County, Ohio.

In our opinion, there is an absence of evidence in the record as to the county, either in Ohio or elsewhere, in which the taxpayer *resides.* It is for that reason that we feel we must at this time temporarily overrule the motion to dismiss reserving the question for final determination when further evidence is submitted.

*Judgment accordingly.*

DUFFEY, P. J., and DUFFY, J., concur.