Dunbar Brothers, Inc., Appellee, *v.* Porterfield, Appellant.

[Cite as Dunbar Bros. v. Porterfield (1972), 30 Ohio St. 2d 20.]

(No. 71-463—Decided April 26, 1972.)

*Messrs. Watkins, Watkins & Knight* and *Mr. Harley A. Watkins*, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. Peter A. Stratigos*, for appellant.

LEACH, J. The basic question involved in this case is whether the prior filing of an application for refund of taxes, claimed to have been illegally or erroneously paid, constitutes proof that the taxpayer has "ascertained that the * * * payment was illegal or erroneous" at the time of such prior application, within the meaning of R. C. 5739.07, so as to preclude a subsequent application for refund made more than 90 days thereafter.

R. C. 5739.07 reads, in part:

"The Treasurer of State shall refund to vendors the amount of taxes paid illegally or erroneously or paid on any illegal or erroneous assessment where the vendor has not reimbursed himself from the consumer. * * * Application shall be filed with the Tax Commissioner on the form prescribed by him, *within ninety days from the date it is ascertained that the assessment or payment was illegal or erroneous*; provided, however, that in any event such application for refund must be filed with the commissioner within four years from the date of the illegal or erroneous payment of the tax." (Emphasis added.)

No claim has been made by or on behalf of the Tax Commissioner that his decision as to the first claim for refund, such not having been appealed, is *res judicata*. Thus we express no opinion relative thereto.

The Tax Commissioner contends that by filing the claim for refund in 1967 the taxpayer demonstrated that *it* had "ascertained" the illegal or erroneous nature of the payment of the sales tax in question.

The taxpayer, while, in effect, conceding that it had been of the *opinion* that the payment was illegal or erroneous when it filed the application for refund in 1967, asserts that the word "ascertain" in R. C. 5739.07 means *actual knowledge* of such illegality or error as an *undis-*

*puted* fact. We agree with the taxpayer's position.

Both parties purport to rely upon our opinion in *Phoenix Amusement Co.* v. *Glander* (1947), 148 Ohio St. 592, which construed "ascertain," as used in G. C. 5546-8 (now R. C. 5739.07).

The syllabus reads, as follows:

"1. Statutory provisions for the refund of taxes illegally or erroneously paid or paid on an illegal or erroneous assessment should be liberally construed in favor of the taxpayer.

"2. A decision of a court is not notice of the rights established thereby to one who was not a party to the action, until such person has actual knowledge of such decision.

"3. The word, 'ascertained,' as used in Section 5546-8, General Code, providing for the refund of sales taxes illegally or erroneously paid or paid on an illegal or erroneous assessment, means actual knowledge obtained by the vendor or taxpayer of such illegality or error.

"4. The 90-day limitation for the filing of applications for the refund of sales taxes illegally or erroneously paid or paid on an illegal or erroneous assessment, as provided by Section 5546-8, General Code, does not begin to run until the vendor or taxpayer has actual knowledge of such illegality or error."

A careful analysis of the rationale followed in *Phoenix* illustrates that the 90-day limitation does not begin to run merely because the taxpayer has knowledge of the facts giving rise to an assessment or payment; nor does it arise merely from the fact that in his opinion such assessment or payment would be illegal or erroneous. In *Phoenix*, the 90-day limitation did not begin to run until after a decision by this court establishing the illegal or erroneous nature of the payment, and even then not until the taxpayer had actual knowledge of such decision.

Essentially, *Phoenix* holds that the 90-day limitation does not begin to run until the taxpayer is "apprised of the existence of an undisputed fact." See page 597 in opin-

ion by Sohngen, J. Where, as here, the question as to whether the tax paid was an illegal or erroneous payment was disputed as between the taxpayer and the taxing authorities, it cannot be said that the taxpayer had "actual knowledge of such illegality or error" within the rationale of this court's holding in *Phoenix*.

Thus, we conclude that "actual knowledge" that sales taxes have been paid illegally or erroneously is not established merely by the fact that the taxpayer had previously filed an application for the same refund, such prior application having been denied by the Tax Commissioner. "Actual knowledge" requires proof that the illegal or erroneous nature of such tax payments is both acknowledged by the taxing authorities and that such ackowledgment be known to the taxpayer.

We affirm the decision of the Board of Tax Appeals and remand the cause to the Tax Commissioner, with instructions to hear and determine the taxpayer's claim on its merits.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, CORRIGAN, STERN and BROWN, JJ., concur.

HERBERT, J., concurs in the judgment.