**STINES, Appellant,**

**v.**

**LIMBACH, Tax Commr., Appellee.**

[Cite as *Stines v. Limbach* (1988), 61 Ohio App.3d 461.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP-231.

Decided Dec. 20, 1988.

*Erwin W. Stines, pro se.*

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Richard C. Farrin,* for appellee.

---

WHITESIDE, Presiding Judge.

This is an appeal by appellant, Erwin W. Stines, from a decision of the Board of Tax Appeals. Appellant contends that the decision is unreasonable and unlawful. Although our decision in *Neuwirth v. Bowers* (1962), 117 Ohio App. 380, 24 O.O.2d 147, 192 N.E.2d 235, tends to support appellee's contention, we find it to be inappropriate for this court not to exercise jurisdiction clearly conferred upon it by R.C. 5717.04. Without analysis or explanation, this court in *Neuwirth* stated in apparent dicta that the first sentence of R.C. 5717.04 requires an individual taxpayer to reside in Franklin County in order to appeal to this court. Unfortunately, this court in *Neuwirth* ignored the remainder of the statute and the statutory history of R.C. 5717.04, and did not even discuss the meaning of the sentence " * * * [i]n all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the court of appeals for Franklin county." The *Neuwirth* determination relied upon by appellee is no more than dicta, since the court overruled the motion to dismiss in that case because of lack of evidence in the record as to residency of the appellant.

R.C. 5717.04 reads in pertinent part as follows:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the *property taxed is situate or in which the taxpayer resides.* If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the supreme court or to the court of appeals for the county in which the property taxed is situate, or the county of residence of the agent for service of process, tax notices, or demands, or the county in which the corporation has its principal place of business. *In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the court of appeals for Franklin county.*

"Appeals from decisions of the board determining appeals from decisions of county boards of revision may be instituted by any of the persons who were parties to the appeal before the board of tax appeals, by the person in whose name the property involved in the appeal is listed or sought to be listed, if such person was not a party to the appeal before the board of tax appeals * * *.

"Appeals from decisions of the board of tax appeals determining appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be instituted by any of the persons who were parties to the appeal or application before the board, by the person in whose name the property is listed or sought to be listed, if the decision appealed from determines the valuation or liability of property for taxation and if any such person was not a party to the appeal or application before the board * * *.

"*Appeals* from decisions of the board *upon all other appeals or applications* filed with and determined by the board may be instituted by any of the persons who were parties to such appeal or application before the board * * *.

"Such appeals shall be taken within thirty days after the date of entry of the decision of the board * * * by the filing of appellant of a notice of appeal with the court to which the appeal is taken and the board.  * * * The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.

"* * *

"* * * *The 'taxpayer' includes any person required to return any property for taxation.*"  (Emphasis added.)

A careful reading and analysis of R.C. 5717.04 indicates that the first sentence thereof has no bearing upon and no application to this appeal, which involves neither taxable property having a situs nor a "taxpayer" within the meaning of the first sentence of R.C. 5717.04 as that word is defined by the last sentence.

▀▀ Here, appellant seeks a refund of an amount of taxes he paid to an automobile dealer for the purchase of an automobile, since the sale has been rescinded, and therefore, no tax is due upon such sale.  The sales tax is an excise tax.  As such, it is not a property tax, *i.e.*, a tax on property, but instead an excise tax, *i.e.*, a tax on the transaction itself.  Since there is no tax on property involved, there can be no person required to return property for taxation and, thus, no "taxpayer" to file an appeal.

In determining the correct construction of a statute, we must be guided by R.C. 1.42, which provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.  * * *"
We are also required by R.C. 1.47(B) to presume that "[t]he entire statute is intended to be effective."  If a statute is ambiguous, R.C. 1.49 requires a court to consider, *inter alia,* "(A) [t]he object sought to be attained; * * * (C)

[t]he legislative history; * * * (E) [t]he consequences of a particular construction."

Accordingly, we must presume that the General Assembly intended that meaning be given to the last sentence of the first paragraph of R.C. 5717.04, which provides that "in all other instances" the appeal be to this court. This necessarily implies that there must be appeals from the Board of Tax Appeals which do not involve property having a taxable situs nor a taxpayer (a person required to return property for taxation).

■ As stated above, the next-to-last paragraph of R.C. 5717.04 specifically defines "taxpayer" as used in R.C. 5717.04 as including "any person required to return any property for taxation." This taxpayer definition clarifies the use of the word "taxpayer" in the first paragraph and it is limited in meaning to taxpayers with respect to property which is taxed. In other words, if the tax is not a tax on property but, instead, an excise tax, as is here the case, the word "taxpayer" does not apply. It necessarily follows that any excise tax situation is one of the "other instances" within the contemplation of the provision of R.C. 5717.04, providing for appeals to this court.

R.C. 5717.04 confers concurrent jurisdiction upon the Supreme Court and the court of appeals with respect to appeals from the Board of Tax Appeals. Thus, the "all other instances" provision of the last sentence of the first paragraph of R.C. 5717.04 cannot be construed to mean instances where there is no available appeal to the Supreme Court since such an appeal is always available.

Arguably, if the word "taxpayer" were stretched beyond its clear meaning as defined in the statute itself, the last sentence of the first paragraph of R.C. 5717.04 could be given meaning to apply only to nonresidents of Ohio who are paying some tax in Ohio which is not a property tax. There is nothing in the statute to indicate that the legislature intended to limit the provision referring to "all other instances" to situations where there are nonresidents of Ohio paying an excise tax in Ohio.

The correct interpretation of R.C. 5717.04 is that the reference to appeals to the court of appeals in the first sentence of the first paragraph was intended to apply only to property tax issues, with the proper court to be determined either by the situs of the property or the residence of the person (taxpayer) who returned such property for taxation. The very language stating "the county in which the property taxed is situate" points to that conclusion. Such an interpretation permits the last sentence regarding "all other instances" to have substance because it then encompasses all appeals from the Board of Tax Appeals other than those based upon property tax issues.

This conclusion is bolstered by the legislative history of R.C. 5717.04. Prior to 1953, R.C. 5717.04 provided for appeals only to the Supreme Court from the Board of Tax Appeals. The 1953 amended version reads essentially as it does today with respect to the addition of the last portion of the first paragraph, the addition of the last sentence of the fifth paragraph and the addition of the last sentence of the next to last paragraph. In other words, added by the 1953 amendment (125 Ohio Laws 250) were the following:

"[O]r the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides. * * * In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the court of appeals for Franklin county.

" * * * *

" * * * The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.

" * * * *

" * * * The 'taxpayer' includes any person required to return any property for taxation."

Hence, the definition of "taxpayer" contained in the next-to-last paragraph of R.C. 5717.04 was added at the same time as the provision for appeals to the court of appeals, including the "[i]n all other instances" provision.

The word "taxpayer" occurs only on three occasions other than in the definition sentence itself. The first is in the phrase "in which the taxpayer resides" added to the first sentence of R.C. 5717.04 in 1953. The second reference is in the provision "[i]f the taxpayer is a corporation" also added by the 1953 amendment and part of the first paragraph. There was only one use of the word "taxpayer" in the statute as it existed prior to the 1953 amendment, and this is in the third paragraph which states " * * * if the decision appealed from determines the valuation or liability of property for taxation and if any such person was not a party to the appeal or application before the board, [the appeal may be taken] by the *taxpayer* or any other person to whom the decision of the board appealed from was by law required to be certified * * *." (Emphasis added.)

Accordingly, the definition of the word "taxpayer" set forth in R.C. 5717.04 makes it clear that the legislative intent was that the word "taxpayer" appearing in the first sentence (added by the 1953 amendment) means "any person required to return any property for taxation." The word "taxpayer" is limited to the person paying tax on property and does not apply to persons paying excise taxes, and much less to a person seeking a refund of an excise tax, such as the sales tax.

We acknowledge that this court erred in 1962 by misinterpreting R.C. 5717.04, by failing to analyze the section properly and, most important, by failing to read the entire section in context rather than lifting words out of context by an essentially dictum comment. We should not compound the error by following *Neuwirth,* but instead, must overrule the *Neuwirth* decision to the extent, if any, it constitutes authority. We hold that the appeal before us should not be dismissed for lack of jurisdiction, since this court has jurisdiction pursuant to the last sentence of the first paragraph of R.C. 5717.04. Accordingly, the motion to dismiss is overruled.

The basic merit issue involves sales tax paid with respect to the purchase of an automobile, in a situation where the sale was later rescinded. Appellant seeks a refund of the sales tax paid on the rescinded transaction (less sales tax due on an interim rental of the automobile).

On December 30, 1981, appellant purchased a 1982 model automobile for $19,577.59, and paid $1,175 Ohio sales tax. The automobile proved to be "lemon." As a result, the matter was referred to arbitration and it was determined that the sale should be rescinded, and the manufacturer was to "buy back" the automobile for the full original purchase price of $19,577.59 with appellant to pay a mileage charge for use of the "lemon" automobile in the interim. The effect was that the sale was rescinded and a rental substituted for the period that appellant possessed and used the automobile. Appellant recognizes that the rental is a taxable transaction and seeks a refund only of the difference in the amount of $1,096.66.

Appellee contends that a refund should not be made because R.C. 5739.07 requires that the refund be made to the vendor rather than the consumer. Assuming this to be correct, the making of the refund should not be denied, but instead, the Tax Commissioner should make the refund to the vendor who, in turn, should pay the refund over to the purchaser, appellant, who paid the tax to the vendor. There is no contention that appellant did not pay the tax to the vendor-dealer. R.C. 5739.07 reads as follows:

"The tax commissioner shall refund to vendors the amount of taxes paid illegally or erroneously or paid on any illegal or erroneous assessment where the vendor has not reimbursed himself from the consumer. When such illegal or erroneous payment or assessment was not paid to a vendor but was paid by the consumer directly to the treasurer of state, or his agent, he shall refund to the consumer. When such refund is granted for payment of an illegal or erroneous assessment issued by the department, such refund shall include interest thereon as provided by section 5739.132 of the Revised Code. Appli-

cations shall be filed with the tax commissioner, on the form prescribed by him, within ninety days from the date it is ascertained that the assessment or payment was illegal or erroneous. Such application for refund shall be filed with the commissioner within four years from the date of the illegal or erroneous payment of the tax except where the vendor or consumer waives the time limitation under division (A)(3) of section 5739.16 of the Revised Code, in which case the four-year refund limitation shall be extended for the same period of time as the waiver. On the filing of such application the commissioner shall determine the amount of refund due and certify such amount to the director of budget and management and treasurer of state for payment from the tax refund fund created by section 5703.052 of the Revised Code. * * * ''

■ Appellee also contends that appellant, as the consumer, has no standing to seek the refund or to appeal to this court. However, R.C. 5739.07 expressly provides for refund applications by consumers. It makes no difference whether the commissioner's refund payment will be to the vendor or the consumer. Either may file the application. See, e.g., *Dunbar Bros. v. Porterfield* (1972), 30 Ohio St.2d 20, 59 O.O.2d 55, 282 N.E.2d 33. This necessarily follows from a liberal construction of the statute in favor of the taxpayer as required by paragraph one of the syllabus of *Phoenix Amusement Co. v. Glander* (1947), 148 Ohio St. 592, 36 O.O. 224, 76 N.E.2d 605.

■ However, appellee points out that the vendor-dealer filed the initial application for refund. Nevertheless, appellee not only participated in the proceedings before the Tax Commissioner, but also appealed the decision of the Tax Commissioner to the Board of Tax Appeals. Since appellant was the party-appellant before the board, it necessarily follows that he is the proper appellant in this court in an appeal from the order of the board, which made no finding that appellant's appeal to it was improper. Since appellee has not appealed the board's order, no further issue with respect thereto is before us except as raised by appellant.

■ The Board of Tax Appeals denied a refund based upon an assumption that two sales of the automobile were involved, one by the dealer to appellant and the second by appellant to the manufacturer, albeit the same purchase price. In its findings, the board stated that "the original sale was not rescinded" and "a third party interceded and agreed to purchase the automobile." These are incorrect. Although appellant has not clearly presented the issue, it appears that appellant revoked his acceptance of the automobile and

sought refund of his purchase price. The automobile was purchased in December 1981 and returned to the dealer for repair many times and ultimately appellant surrendered possession. Subsequently, he sought to use an arbitration procedure to obtain a refund of his purchase price. He, by an unfortunate choice of language, has referred to the arbitration order as aborting the sale. Regardless, however, the sale itself was rescinded, whether as a result of appellant's action or as a result of the arbitration. This was not a case of a resale of the automobile to the manufacturer but, instead, a recession of the sale necessitating a return of the automobile and a refund of the purchase price.

The result does not vary despite the fact that the manufacturer, rather than the vendor, consummated the final transaction. The manufacturer and vendor elected to have adjustments made directly by the manufacturer rather than have the vendor reimburse the purchaser and the manufacturer in turn reimburse the vendor. This is not a case involving two separate transactions and two sales. Rather, it involves arbitration of a dispute which resulted in a rescission of the sale and a return to status quo, the dealer having apparently special-ordered the vehicle from the manufacturer for appellant.

Accordingly, the assignment of error is sustained, the decision of the Board of Tax Appeals is reversed, and this cause is remanded to the board for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and FAIN, JJ., concur.

MIKE FAIN, J., of the Second Appellate District, sitting by assignment.