**[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 11.]**

KEY SERVICES CORPORATION, APPELLANT AND CROSS-APPELLEE, *v*. ZAINO,
TAX COMMR., APPELLEE AND CROSS-APPELLANT.

[Cite as *Key Serv. Corp. v. Zaino*, 2002-Ohio-1488.]

*Taxation—Sales and use taxes—Taxpayer who provides electronic information services to an affiliate qualifies as a "provider of electronic information services" under R.C. 5739.071 and may be entitled to twenty-five percent refund of sales and use taxes paid for items used to provide those services.*

—————————————

**SYLLABUS OF THE COURT**

A taxpayer who provides electronic information services to an affiliate qualifies as a "provider of electronic information services" under R.C. 5739.071 and may be entitled to the twenty-five percent refund of sales and use tax paid for items used to provide those services.

—————————————

(No. 01-456—Submitted January 8, 2002—Decided April 3, 2002.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 98-K-553.

—————————————

**LUNDBERG STRATTON, J.**

{¶ 1} The narrow issue before us is whether a taxpayer who provides electronic information services to an affiliate qualifies under R.C. 5739.071 as a "provider of electronic information services" who may be entitled to a tax refund. The taxpayer in this case is appellant and cross-appellee Key Services Corporation ("Key"), an affiliate of KeyCorp, a national bank holding company that provides banking and financial services to its customers. Key provides and maintains one integrated computer system for KeyCorp, its affiliates, and all of their related

customers. Key charged and was paid by the affiliated corporations that used its services.

{¶ 2} In May 1997, Key applied under R.C. 5739.071 for a tax refund of twenty-five percent of the use tax that it had paid on certain equipment and services purchased from March 1995 to December 1996. The Tax Commissioner denied the application in May 1998. The commissioner relied on definitions pertaining to taxable sales to conclude that Key did not qualify for the refund because it was providing electronic information services ("EIS") primarily to affiliated entities in nontaxable transactions.

{¶ 3} The commissioner reasoned that a service provider must be engaged in making taxable sales within the meaning of R.C. 5739.01(B)(3) in order to qualify for a refund. This is because "[p]roviding a service" is defined in R.C. 5739.01(X) as "providing or furnishing anything described in division (B)(3) of this section for consideration." R.C. 5739.01(B)(3)(e) exempts from the definition of "sales" those transactions that occur between members of an affiliated group. Therefore, the commissioner reasoned that entities like Key that transact within affiliated groups cannot be providers of EIS because they do not make taxable sales. As a result, Key could not be a "provider" of EIS under R.C. 5739.071(A). Consequently, the commissioner concluded that Key was not entitled to a refund. Key appealed to the Board of Tax Appeals ("BTA").

{¶ 4} In July 1999, prior to the hearing before the BTA, counsel for the commissioner sent a letter to Key's counsel indicating that the commissioner intended to inquire into whether the services that Key provided were automatic data processing ("ADP") services rather than EIS. ADP services are not eligible for the twenty-five percent refund authorized by R.C. 5739.071. The commissioner sought factual information to attempt to show that the types of services that Key provided were in fact ADP services rather than refundable EIS.

**{¶ 5}** Key filed a motion *in limine* and a motion for a protective order to restrict discovery and evidence at the hearing. Key asserted that the BTA's review should be limited to the single legal question addressed by the Tax Commissioner's final determination and raised in Key's notice of appeal, *i.e.,* whether transactions with affiliates preclude its entitlement to the refund described in R.C. 5739.071.

**{¶ 6}** The BTA denied Key's motion *in limine* but granted the protective order. The BTA stated that its jurisdiction was limited to the legal issue framed by the Tax Commissioner's final determination and the appellant's notice of appeal. The BTA concluded that it did not have jurisdiction over other issues.

**{¶ 7}** Following the hearing, the BTA affirmed the decision of the Tax Commissioner denying the refund. This matter is before this court upon Key's appeal as of right. The Tax Commissioner has filed a conditional cross-appeal that challenges the BTA's decision on jurisdiction.

Key Services Appeal

**{¶ 8}** This is a case of first impression for R.C. 5739.071. Section (A) of the statute provides:

"(A) The tax commissioner shall refund to a provider of electronic information services twenty-five per cent of the tax it pays pursuant to this chapter or Chapter 5741. of the Revised Code on purchases made on or after July 1, 1993, of computers, computer peripherals, software, telecommunications equipment, and similar tangible personal property, primarily used to acquire, process, or store information for use by business customers or to transmit or disseminate such information to such customers, the services of installing or repairing such property, and agreements to repair or maintain such property. Applications for a refund shall be made in the same manner and subject to the same time limitations as provided in sections 5739.07 and 5741.10 of the Revised Code."

**{¶ 9}** Key contends that the requirements for a refund are exclusive to R.C. 5739.071. A taxpayer must show that it is a provider of electronic information

services, that it has purchased the types of equipment or services listed in the statute, and that such equipment is primarily used as set out in the statute. Key asserts that R.C. 5739.071 does not contain any restrictions as to the recipient of the electronic information services.

{¶ 10} On the other hand, the Tax Commissioner undertakes a two-step analysis to argue that Key is not entitled to the refund authorized by R.C. 5739.071. First, the commissioner contends that Key is not a "provider of electronic information services" as that term is used in R.C. 5739.071. There is no statutory definition for the phrase "provider of electronic information services." However, the Tax Commissioner contends that to be a "provider" of services, Key must be "providing a service" as that phrase is defined in R.C. 5739.01(X): " 'Providing a service' means providing or furnishing anything described in division (B)(3) of this section for consideration."

{¶ 11} Division (B)(3) defines the various transactions "for consideration" that constitute a "sale" or "selling" within the tax code. One of the services listed in R.C. 5739.01(B)(3) is "electronic information services." Thus, the commissioner reasons that Key meets the definition of "providing a service" if it provides EIS for consideration.

{¶ 12} The commissioner then looks to the language in R.C. 5739.01(B)(3)(e), which declares that "transactions * * * between members of an affiliated group are not sales." Relying on this language, the commissioner concludes that since Key is not making a sale of electronic information services, it is not "providing a service" and therefore cannot be a "provider of electronic information services." The commissioner likewise contends that its position is supported by the legislative history behind the enactment of the refund provision.

{¶ 13} The commissioner's reasoning is flawed because it requires us to needlessly interpret the phrase "provider of electronic information services." Although there is no statutory definition for that phrase, the phrase "electronic

4

information services" is defined in R.C. 5739.01(Y)(1)(c) as "providing access to computer equipment by means of telecommunications equipment for the purpose of either of the following: (i) Examining or acquiring data stored in or accessible to the computer equipment; (ii) Placing data into the computer equipment to be retrieved by designated recipients with access to the computer equipment."

{¶ 14} The word "provider" is defined as "one that provides." Webster's Third New International Dictionary (1993) 1827. The word "provide" is defined as "to supply for use." *Id.* Thus, in the context of R.C. 5739.071, a "provider of electronic information services" would be one who supplies electronic information services for use.

{¶ 15} If we are able to glean the meaning of the statute from the language used, and the words are free from ambiguity and doubt, then we have no need to resort to interpretation. *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus. R.C. 1.42 provides, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶ 16} The reasoning of the commissioner's second step is also flawed. The definition of "providing a service" contained in R.C. 5739.01(X) merely says, " 'Providing a service' means providing or furnishing anything described in division (B)(3) of this section for consideration." Since electronic information services is one of the services listed in R.C. 5739.01(B)(3), providing electronic information services meets the statutory criteria for "providing a service." The inquiry should end there, but the commissioner has added another condition by requiring that the service described in division (B)(3) be defined as a sale. There is no such requirement in R.C. 5739.01(X). The definition of "providing a service" merely requires that the service be listed in R.C. 5739.01(B)(3). If Key is providing one of the services described in R.C. 5739.01(B)(3), then it is providing a service.

**{¶ 17}** The commissioner attempts to insert terms and requirements into R.C. 5739.071 and R.C. 5739.01(X) that are not contained in either statute. R.C. 5739.01 merely defines terms. If Key provides the services defined in R.C. 5739.01(Y)(1)(c), then it is a provider of electronic information services. Consequently, if Key establishes that it meets the criteria set forth in R.C. 5739.071, then it is entitled to a refund.

**{¶ 18}** If the General Assembly had intended for the refund granted by R.C. 5739.071 to be applicable only when the provider of electronic information services engages in taxable sales, it should have put that requirement in the statute. However, the General Assembly did not. The statute is not ambiguous and needs no interpretation. "The province of construction is to arrive at the true sense of the language of the act, not to supply language to help out a conjectured intent not to be gathered from the words used." *Slingluff v. Weaver,* 66 Ohio St. at 628, 64 N.E. 574.

**{¶ 19}** Key argues that R.C. 5739.071 is a refund statute that should be liberally construed in favor of the taxpayer. Although we have liberally construed statutes that provide for the refund of taxes erroneously paid or paid on an erroneous assessment, *e.g., Phoenix Amusement Co. v. Glander* (1947), 148 Ohio St. 592, 36 O.O. 224, 76 N.E.2d 605, Key is not seeking the return of an illegal or erroneous payment. The refund provision of R.C. 5739.071 is more analogous to a tax exemption than it is to an illegal or erroneous payment. "We read exemption statutes strictly, *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraph two of the syllabus, but we will not require more qualifications for an exemption than the General Assembly does." *Newfield Publications, Inc. v. Tracy* (1999), 87 Ohio St.3d 150, 153, 718 N.E.2d 420.

**{¶ 20}** Therefore, we hold that a taxpayer who provides electronic information services to an affiliate qualifies as a "provider of electronic information

services" under R.C. 5739.071 and may be entitled to the twenty-five percent refund of sales and use tax paid for items used to provide those services.

The Tax Commissioner's Cross-Appeal

{¶ 21} The Tax Commissioner denied Key's refund request solely on the basis that it was not a provider of electronic information services because it was not making taxable sales. The Tax Commissioner contends that his decision was dispositive, and, therefore, it was not necessary for him to rule upon other issues. However, during the proceedings before the BTA, the commissioner attempted to discover whether Key's services were EIS or ADP. The BTA refused to expand its review into that province. The BTA said that its jurisdiction was limited to review of those issues decided by the Tax Commissioner and specified in Key's notice of appeal. In his conditional cross-appeal, the commissioner challenges the BTA's jurisdictional ruling.

{¶ 22} R.C. 5717.02 authorizes an appeal to the BTA from final determinations of the Tax Commissioner and requires the appellant to "specify the errors * * * complained of." R.C. 5717.03 provides, "The orders of the board may affirm, reverse, vacate, modify, or remand the * * * orders complained of in the appeals determined by it." R.C. 5717.03 also provides, "If the board finds that issues not raised on the appeal are important to a determination of a controversy, it may remand the cause for an administrative determination and the issuance of a new * * * order."

{¶ 23} There is no statutory procedure for the Tax Commissioner to file any answer or cross-appeal to the taxpayer's notice of appeal. Likewise, there is no statutory limitation on what the commissioner may contest. The only statutory constraints are imposed upon the appellant's appeal to the BTA.

{¶ 24} The BTA hearing is *de novo*. *Higbee Co. v. Evatt* (1942), 140 Ohio St. 325, 332, 23 O.O. 543, 43 N.E.2d 273. The BTA is statutorily authorized to conduct full administrative appeals in which the parties are entitled to produce

evidence in addition to that considered by the Tax Commissioner. *Bloch v. Glander* (1949), 151 Ohio St. 381, 387, 39 O.O. 216, 86 N.E.2d 318. The BTA may investigate to ascertain further facts and make its own findings independent of those of the Tax Commissioner. *Nestle Co., Inc. v. Porterfield* (1971), 28 Ohio St.2d 190, 193, 57 O.O.2d 427, 277 N.E.2d 222. R.C. 5717.03 authorizes the BTA to modify orders based upon its independent findings. *Id.*

{¶ 25} This court requires that the BTA's findings of fact be supported by the evidence. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 565, 740 N.E.2d 276. Here, the commissioner wanted to show that Key did not provide the services eligible for a refund under R.C. 5739.071, and the commissioner attempted to inquire into the facts to support his decision to deny the refund. To collect the refund under R.C. 5739.071, Key must demonstrate that it meets the statutory prerequisites for a refund. This would include evidence that (1) it is a provider of electronic information services, (2) the equipment that it purchased is the type of equipment listed in R.C. 5739.071, (3) the amount of refund that it seeks is the proper amount, (4) the equipment is being used by business customers, and (5) it is paid a consideration for its services.

{¶ 26} At the hearing before the BTA, Key presented evidence concerning the services that it provides. However, the BTA considered that evidence only as it related to the legal issue raised by Key's appeal and the Tax Commissioner's final determination. The commissioner, however, should have been able to inquire into all the evidence that was relevant to Key's refund application. The BTA, as the finder of fact, must determine whether Key has met the prerequisites of the statute and is entitled to the refund based on that evidence.

{¶ 27} Therefore, for the foregoing reasons, we reverse the decision of the BTA and hold that transactions involving electronic information services within an affiliated group for consideration are eligible for a refund of sales and use tax under R.C. 5739.071. The BTA has jurisdiction to consider all evidence relevant to the

applicant' eligibility for the refund. Consequently, we grant the commissioner's conditional cross-appeal and remand this cause to the BTA for proceedings in accordance with this opinion.

*Decision reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, SHERCK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

JAMES R. SHERCK, J., of the Sixth Appellate District, sitting for RESNICK, J.

_____

*Baker & Hostetler*, *L.L.P.*, *Edward J. Bernert*, *Elizabeth A. McNellie* and *Christopher J. Swift,* for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Robert C. Maier*, Assistant Attorney General, for appellee and cross-appellant.

*Arter & Hadden* and *Stephen C. Ellis*, for *amicus curiae* Greater Cleveland Growth Association, in support of appellant and cross-appellee.

_____