OPINION
{¶ 1} Plaintiff-appellant, City of Marion (hereinafter "Marion") appeals the decision of the Ohio Board of Tax Appeals (hereinafter "BTA"), affirming the Marion City Board of Review's (hereinafter "MBOA") decision regarding an exemption for taxpayer, Shannon Leary (hereinafter "Leary"). Since we find that Marion should have filed its appeal in either the Ohio Supreme Court or the Tenth District Court of Appeals, we dismiss.
 {¶ 2} In 2004, Leary earned income and reported the income on her municipal tax return but she claimed an exemption under the federal foreign earned income exclusion. The Marion Tax Commissioner disallowed the claimed exemption, and Marion accessed Leary for an underpayment of municipal income tax of $1,097. Leary subsequently appealed to the MBOA.
 {¶ 3} The MBOA found that Leary was not a resident of the city when she earned her income; that when Leary worked, she worked outside of the municipality; and while Leary resided in Marion, she earned no money. Thus, the MBOA concluded that Leary owed no tax to Marion. Marion subsequently appealed the MBOA decision to the BTA, which affirmed the MBOA's determination on August 10, 2007. *Page 3 
 {¶ 4} It is from this decision that Marion appeals and asserts two assignments of error for our review. For clarity of analysis, we have combined Marion's assignments of error.
 ASSIGNMENT OF ERROR NO. I The Board of Tax Appeals Errored [sic] in Failing to Reverse the Decision of the Marion Board of Review
 ASSIGNMENT OF ERROR NO. II The Board of Tax Appeals Errored [sic] in Failing to apply the law that Domicile of the Taxpayer was the standard to be used in determining Residency.
 {¶ 5} In its first assignment of error, Marion argues: that Leary was domiciled in Marion; to establish residency, Marion Ordinance 192.92(R) requires a resident to be domiciled in Marion, and the factual basis for domicile should have been considered. Marion further argues that had the MBOA applied the correct standard, then it would have found Leary's domicile was in Marion and the tax exemption did not apply.
 {¶ 6} Marion argues, in its second assignment of error, that Leary indicated her intent to reside in Marion, she spent 56 days in Marion in 2004, she registered to vote from a Marion address, received her mail from a Marion address, and stated that the address was hers for establishing her American residency. Further, Marion argues that there was no evidence that Leary established a new domicile other than Marion during 2003, the MBOA was *Page 4 
unclear as to why it granted the exemption, and the BTA erred in substituting its judgment without reviewing the evidence before them.
 {¶ 7} R.C. 5717.04 provides, in pertinent part:
 The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides.* * * In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the court of appeals for Franklin county.
Emphasis added.
 {¶ 8} Under the language provided in R.C. 5717.04, the appeal should be to the Supreme Court or the Court of Appeals in which "the property taxed is situate or the taxpayer resides." However, this case does not involve property taxes, but rather, municipal income taxes; and thus, the portion of that statute which provides that the appeal should be to the "court of appeals for the county in which the property taxed is situate" does not apply to the facts of this case. Id. In addition, Leary's residence was adjudicated to not be in Marion by the MBOA and BTA, and thus, the portion of the statute which refers to an appeal to the court of appeals in which the "taxpayer resides" also does not apply to the present case. Id.
 {¶ 9} The statute further provides that "in all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the court of appeals for Franklin county." R.C. 5717.04. As a result, the Ohio *Page 5 
Supreme Court and the Tenth District Court of Appeals, the appellate court for Franklin County, have concurrent jurisdiction on appeals from the board of tax appeals. Stines v. Limbach (1988), 61 Ohio App.3d 461,465, 573 N.E. 2d 131; R.C. 5717.04.
 {¶ 10} Since Leary's residency was adjudicated to not be in Marion by the MBOA and BTA and the case does not involve property taxes under R.C. 5717.04, Marion should have filed its appeal in either the Ohio Supreme Court or the Tenth District Court of Appeals. Since Marion failed to file the appeal in the proper court under R.C. 5717.04, we dismiss the appeal.
Appeal Dismissed.
 SHAW, P.J. and ROGERS, J., concur. *Page 1