GUTIERREZ, APPELLANT, *v.* POLICE AND FIREMEN'S DISABILITY
AND PENSION FUND OF OHIO ET AL., APPELLEES.

[Cite as *Gutierrez v. Police & Firemen's Disability &
Pension Fund of Ohio* (1994), 70 Ohio St.3d 362.]

(No. 93–1393—Submitted May 17, 1994—Decided September 28, 1994.)

*McLaughlin, McNally & Carlin, Clair M. Carlin* and *John A. McNally III*, for appellant.

*Lee Fisher*, Attorney General, and *Doug S. Musick*, Assistant Attorney General, for appellees.

PFEIFER, J. In this case we must decide whether an application to participate in the Police and Firemen's Disability and Pension Fund pursuant to R.C. 742.37(C)(2) must be made while the applicant is a "member of the fund" as defined in R.C. 742.01(E). We hold that if a police officer is a member of the fund at the time he is permanently and totally disabled in the performance of his official duties he is entitled to commence participation in the fund at any time thereafter.

R.C. 742.37(C)(2) is the focus of this case. It provides in relevant part:

"A member of the fund who is permanently and totally disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township shall be paid annual disability benefits until death * * *."

The fund argues that under R.C. 742.37(C)(2) an applicant must be a "member of the fund" in order to be eligible to *apply* for disability benefits. Because Gutierrez did not meet any of the definitions of fund membership *at the time of his application*, the fund claims that he was ineligible to apply and that it could not consider his application.

However, whether Gutierrez was a member of the fund at the time of his application is irrelevant. R.C. 742.37(C)(2) requires only that the applicant be a member of the fund *at the time of the injury* to be eligible for benefits. R.C. 742.37(C)(2) in effect provides that a member of the fund who is permanently and totally disabled while performing his official duties is entitled to benefits for life. The statute reflects the obvious intent of the General Assembly to support police officers and firefighters who are struck down in the line of duty. The officer receives benefits because of the injury—not because of some contingency after the injury.

The fund has read into R.C. 742.37(C)(2) an eligibility requirement that is just not there, and thus improperly failed to consider Gutierrez's application. The fund does not dispute that Gutierrez was injured in the performance of his duties, and thus must at least consider his application. Whether he is eligible for

benefits depends on the fund's determination of whether Gutierrez's injury permanently and totally disabled him, pursuant to R.C. 742.01(F) and (G).

Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS and RESNICK, JJ., concur.

MOYER, C.J., WRIGHT and F.E. SWEENEY, JJ., dissent.

WRIGHT, J., dissenting. Reduced to its simplest form, the question presented here is whether injured police or fire department employees who later leave the department have a finite or an unlimited period of time in which to file for disability benefits under the Police and Firemen's Disability and Pension Fund. Pursuant to a plain reading of R.C. 742.01(E) and 742.37(C)(2), I am convinced that the General Assembly intended to limit that period of time to twelve months. Therefore, I respectfully dissent.

In asserting a right to benefits Gutierrez relies exclusively on R.C. 742.-37(C)(2). That provision in relevant part states:

"A member of the fund who is permanently and totally disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township shall be paid annual disability benefits until death * * *."

That provision, however, must be read *in pari materia* with former R.C. 742.01(E), which defines the phrase "member of the fund." R.C. 742.01(E) specifically defines a "member of the fund" to be "any person * * * who is contributing a percentage of his annual salary to the police and firemen's disability and pension fund or who is receiving a disability benefit or pension from such fund as a result of service in a police or fire department * * *. *A contributor who is dismissed,* resigns, or is granted a leave of absence from a police or fire department *shall be considered a 'member of the fund' for a period of twelve months* * * * [thereafter]." (Emphasis added.) 142 Ohio Laws, Part II, 3063.

I find former R.C. 742.01(E) unambiguous and dispositive. When the legislature drafted R.C. Chapter 742 and included the phrase "member of the fund" throughout, it clearly intended that phrase to have a precise definition which limited membership in the fund to a finite period of time following certain types of separation from service. Thus, by specifying in R.C. 742.37(C)(2) that a *member of the fund* shall be paid disability benefits, the legislature manifested its intent to limit the eligibility of those who would file for benefits under that

provision to the statutory definition of "member of the fund" found in R.C. 742.01(E). Unfortunately, I can determine no other way to construe these two provisions. Accordingly, I would hold that, pursuant to R.C. 742.01(E), a contributor to the Police and Firemen's Disability and Pension Fund who has been dismissed, resigns, or granted a leave of absence from the police or fire department remains a member of the fund for a period of twelve months following the dismissal, resignation, or leave of absence, and any application for disability benefits filed under R.C. 742.37(C)(2) must be filed before the twelve-month period expires.

Based on the foregoing I believe that the fund properly denied Gutierrez's application. The Youngstown Police Department terminated Gutierrez's employment on December 6, 1982 for cause, and he did not file for disability benefits until June 20, 1990. Because he was not a member of the fund at the time of his application, he was ineligible for consideration of disability benefits.

Accordingly, I would affirm the judgment of the court of appeals.