**[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 198.]**

THE STATE EX REL. MOSS, APPELLEE, *v.* OHIO STATE HIGHWAY PATROL
RETIREMENT SYSTEM ET AL., APPELLANTS.

[Cite as *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*,
2002-Ohio-5806.]

*Ohio State Highway Patrol Retirement System—Retirement board determined
that it was unable to consider an application for disability retirement
benefits because the applicant's employment was terminated and he was
not an employee of the Ohio State Highway Patrol—Under R.C. 5505.18
and 5505.20, an employee of the Ohio State Highway Patrol who is a
member of the retirement system is eligible for disability retirement
benefits if the employee applies for those benefits before being
terminated—Court of appeals' grant of a writ of mandamus ordering the
retirement system and its board to vacate its order determining that it was
unable to consider claimant's application and ordering them to conduct
further proceedings to determine claimant's eligibility for disability
retirement benefits affirmed.*

(No. 2002-0750—Submitted September 17, 2002—Decided November 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-1082.

————————————

**Per Curiam.**

{¶1} Beginning in December 1981, the Ohio State Highway Patrol
employed appellee, Karl L. Moss, as a state trooper for over 17 years. In July 1999,
Moss began approved medical leave from employment. During that time, Moss
received his first weekly session of psychotherapy from a psychologist, who
diagnosed him as suffering from major depression.

**{¶2}** On September 20, 1999, Moss applied to appellant Ohio State Highway Patrol Retirement Board for disability retirement benefits. On September 28, 1999, the Ohio State Highway Patrol terminated Moss's employment. On October 1999, Stephen Pariser, M.D., a psychiatrist appointed by the board pursuant to R.C. 5505.18(A), conducted a medical examination of Moss. Dr. Pariser concluded that Moss was permanently and totally incapacitated to perform his job duties with the State Highway Patrol due to his major depression, that the onset of his disability was July 1999, and that he should be retired.

**{¶3}** On December 1, 1999, the board determined that it was unable to consider Moss's application for disability retirement benefits because he was no longer an employee of the State Highway Patrol.

**{¶4}** In September 2000, Moss filed a complaint in the Court of Appeals of Franklin County for a writ of mandamus to compel appellants, Ohio State Highway Patrol Retirement System, its board, and the board members, to consider his application for disability retirement benefits. In November 2001, a magistrate recommended that the court of appeals grant the writ of mandamus. Appellants filed objections to the magistrate's decision, and in March 2002, the court of appeals overruled appellants' objections and adopted the magistrate's findings of fact and conclusions of law. The court of appeals granted a writ of mandamus directing the State Highway Patrol Retirement System and its board to vacate its order denying disability retirement benefits for Moss and ordering that further appropriate proceedings to determine his eligibility for benefits be conducted. This cause is now before the court upon appellants' appeal as of right.

**{¶5}** In order to be entitled to the requested writ of mandamus, Moss had to establish a clear legal right to consideration of his application for disability retirement benefits, a corresponding clear legal duty on the part of the State Highway Patrol Retirement System and its board to consider his application, and

the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 578, 757 N.E.2d 357.

{¶6} Appellants do not dispute that mandamus is an appropriate remedy by which to seek relief from the board's refusal to consider an application for disability retirement benefits. Cf. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, at ¶14 ("mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body"). R.C. 5505.18 does not provide for an appeal from the board's determinations concerning applications for disability retirement benefits.

{¶7} Therefore, the dispositive issue is whether Moss established a clear legal right to the requested relief and a concomitant clear legal duty on appellants' part to provide it. *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 364, 643 N.E.2d 1122.

{¶8} Appellants contend that the court of appeals erred in holding that the pertinent statutes did not require Moss to be a member of the State Highway Patrol Retirement System at the time of his medical examination by a board-appointed physician and at the time of the board's determination of Moss's application for benefits.

{¶9} Membership in the State Highway Patrol Retirement System includes all State Highway Patrol employees. R.C. 5505.02 and 5505.01(A). Under R.C. 5505.20, a member of the retirement system who ceases to be an employee for any reason other than the employee's retirement or death is no longer a member:

{¶10} "Should a member of the state highway patrol retirement system cease to be an employee of the state highway patrol, for any reason, except his retirement or death, he shall thereupon cease to be a member of the retirement system and he shall forfeit his total service credit at that time."

**{¶11}** Notably, while R.C. 5505.20 requires that an employee who, like Moss, is terminated, forfeits entitlement to total service credit, the statute does not specify that the employee forfeits entitlement to disability retirement benefits applied for prior to termination. In fact, although appellants contend that a trooper whose employment is terminated without having been granted disability retirement benefits by the board "forfeits the opportunity to receive a disability retirement," they also acknowledge that "[t]he forfeiture provisions of R.C. 5505.20 apply only to service credit * * *."

**{¶12}** Moss applied for disability retirement benefits under R.C. 5505.18(A), which provides:

**{¶13}** "*Upon the application of a member* of the state highway patrol retirement system, a person acting on behalf of a member, or the superintendent of the state highway patrol on behalf of a member, *a member who becomes totally and permanently incapacitated for duty in the employ of the state highway patrol may be retired by the board.*

**{¶14}** "*The medical examination of a member who has applied for disability retirement* shall be conducted by a competent physician or physicians appointed by the board. The physician or physicians shall file a written report with the board containing the following information:

**{¶15}** "(1) Whether the *member* is totally incapacitated for duty in the employ of the patrol;

**{¶16}** "(2) Whether the incapacity is expected to be permanent;

**{¶17}** "(3) The cause of the *member's* incapacity.

**{¶18}** "*The board shall determine whether the member qualifies for disability retirement and its decision shall be final.*" (Emphasis added.)

**{¶19}** Notwithstanding appellants' claims to the contrary, nothing in R.C. 5505.18(A) requires that an applicant for disability retirement benefits be a member of the retirement system, i.e., an employee, at the time that the applicant is

4

examined by a physician or physicians appointed by the board. The pertinent portion of R.C. 5505.18(A) expressly states that the examination is of the "member who has applied for disability retirement," which requires only that the applicant be a member of the retirement system at the time of *applying* for disability retirement.

{¶20} Moreover, the reference in R.C. 5505.18(A) to the board's determination of whether the member qualifies for disability retirement must be read in the context of the entire statute. "Words and phrases shall be read in context * * *." R.C. 1.42; *Key Services Corp. v. Zaino* (2002), 95 Ohio St.3d 11, 14, 764 N.E.2d 1015. When so construed, the provision refers to the previously specified time of the application rather than the subsequent time at which the board renders its determination on the application.

{¶21} This construction comports with the general rules of statutory construction by furthering the purpose behind the disability retirement provisions. In construing a statute, a court's paramount concern is the legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. The legislative intent of the statutes concerning the board's administration of its funds is to provide "benefits to participants and their beneficiaries and defraying reasonable expenses of administering the system." R.C. 5505.06(A). Requiring a board determination of the merits of Moss's application for disability retirement benefits furthers this purpose. "Ambiguous statutory provisions [in pension statutes] must be construed liberally in favor of the interests of public employees and their dependents that the pension statutes were designed to protect." *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486; *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 205, 4 O.O.3d 387, 364 N.E.2d 18.

{¶22} Furthermore, the interpretation advocated by appellants could result, as noted by the court of appeals, in a trooper being ineligible for disability

retirement benefits simply because the board has either not timely appointed a physician to examine the applicant or has not yet made its determination on the application. We construe R.C. 5505.18 and 5505.20 to avoid this unreasonable and absurd result. R.C. 1.47(C); see, also, *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.* (2001), 93 Ohio St.3d 566, 570, 757 N.E.2d 347.

{¶23} Finally, ordering the board to render a determination on the merits of Moss's disability retirement application is consistent with precedent. In *Gutierrez v. Police & Firemen's Disability & Pension Fund of Ohio* (1994), 70 Ohio St.3d 362, 363, 639 N.E.2d 39, we held, in construing the disability retirement provision contained in former R.C. 742.37(C)(2), that "if a police officer is a member of the fund at the time he is permanently and totally disabled in the performance of his official duties he is entitled to commence participation in the fund at any time thereafter." The applicant for disability retirement benefits in *Gutierrez* filed his application seven and one-half years *after* his termination from the police department; by contrast, Moss filed his application *before* being terminated. Under these circumstances, even the author of the dissenting opinion in *Gutierrez* would have recognized entitlement to a consideration of the merits of the application for disability retirement benefits. Id. at 364-365, 639 N.E.2d 39 (Wright, J., dissenting).

{¶24} Based on the foregoing, the court of appeals did not err in holding that under R.C. 5505.18 and 5505.20, an employee of the State Highway Patrol who is a member of the retirement system is eligible for disability retirement benefits if the employee applies for these benefits before being terminated. Therefore, Moss is entitled to a writ of mandamus ordering the retirement system and its board to vacate its order determining that it was unable to consider Moss's application and ordering them to conduct further proceedings to decide Moss's eligibility for disability retirement benefits. Accordingly, we affirm the judgment of the court of appeals.

6

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

Fusco, Mackey, Mathews, Smith & Watkins, L.L.P., and Michael J. Fusco, for appellee.

Betty D. Montgomery, Attorney General, and Cheryl D. Pokorny, Assistant Attorney General, for appellants.

———————————