THE STATE EX REL. MCCLINTICK, APPELLANT,
*v.* LAZAROFF, WARDEN, ET AL., APPELLEES.

[Cite as *State ex rel. McClintick v. Lazaroff,*
98 Ohio St.3d 474, 2003-Ohio-2073.]

(No. 2002–1771—Submitted March 25, 2003—Decided May 7, 2003.)

---

Per Curiam.

{¶ 1} Appellant, Larry McClintick, is an inmate who has been confined at Madison Correctional Institution since 1988. In 1993, McClintick purchased a typewriter that has a five-page memory capacity. On November 1, 2001, the Ohio Department of Rehabilitation and Correction ("ODRC") issued Policy 205–01, which designates as contraband "[a]ny item not permitted by law or expressly prohibited by the ODRC and/or institutional policy." In another section of the

policy limiting items that may be purchased by inmates from an approved vendor or through the commissary, only typewriters with a one-line memory or less are permissible. Under ODRC Policy No. 112–12, effective January 4, 2002, "[i]nmates are not permitted to receive or utilize a personal computer, electronic personal information manager, peripheral device or typewriter (with memory storage capacity), outside of an educational, vocational, or work environment."

{¶ 2} In February 2002, prison officials confiscated McClintick's typewriter as contraband because it had more than one line of memory capacity. McClintick's grievance concerning the confiscation of his typewriter was denied.

{¶ 3} In May 2002, McClintick filed a complaint in the Court of Appeals for Madison County for a writ of mandamus to compel appellees, Warden Alan J. Lazaroff and other prison and ODRC officials, to return his typewriter to him. Appellees filed an answer and subsequently filed a motion for summary judgment.

{¶ 4} In September 2002, the court of appeals granted appellees' motion and denied the writ.

{¶ 5} In his appeal as of right, McClintick asserts that the court of appeals erred in denying the requested writ of mandamus. In order to be entitled to the writ of mandamus, McClintick had to establish a clear legal right to return of his typewriter, a clear legal duty on the part of appellees to return it, and the lack of an adequate remedy in the ordinary course of the law. See *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 5.

{¶ 6} McClintick claimed a clear legal right to the return of his typewriter and a corresponding clear legal duty on the part of appellees to return it based on Ohio Adm.Code 5120–9–33(J) and ODRC Policy 205–01.

{¶ 7} McClintick's claim is meritless. Neither Ohio Adm.Code 5120–9–33(J) nor ODRC Policy 205–01 confers any legal entitlement on inmates to retain typewriters with specific memory capacity, nor do those provisions obligate prison officials to permit inmates to keep these typewriters. Ohio Adm.Code 5120–9–33(J) grants prison officials *discretion* to allow inmates to keep certain personal property that became prohibited after inmates first obtained the property:

{¶ 8} "With the exception of any property excluded pursuant to paragraph (I) of this rule, inmates who legitimately possess personal property prior to the effective date of this rule *may be permitted* to retain (grandfather) said property until such time as said property becomes unusable." (Emphasis added.)

{¶ 9} Similarly, ODRC Policy 205–01 defines "grandfathered items" to include "[i]tems of personal property an inmate was authorized to possess prior to the

implementation of this policy and *which they have been permitted to retain* after the effective date of this policy." (Emphasis added.)

{¶ 10} Moreover, because prison inmates have no constitutional right to typewriters, they have no constitutional right to typewriters with a specific memory capacity. See, generally, *Taylor v. Coughlin* (C.A.2, 1994), 29 F.3d 39, 40; *Sands v. Lewis* (C.A.9, 1989), 886 F.2d 1166, 1171; *Mathis v. Sauser* (Alaska 1997), 942 P.2d 1117, 1120, fn. 4; *State ex rel. Anstey v. Davis* (1998), 203 W.Va. 538, 545, 509 S.E.2d 579. The ODRC policy of excluding typewriters with more than one line of memory capacity was justified by the potentially serious safety and security risk to prisons, employees, inmates, and visitors. According to Warden Lazaroff's unrebutted evidence, a "typewriter's memory could be used to help the inmate track and store information concerning the movements of officers, staff, and others which could then be used to facilitate an escape, riot, or other disturbance."

{¶ 11} Based on the foregoing, McClintick did not establish that he was entitled to the requested extraordinary relief in mandamus. Therefore, we affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———————

Larry McClintick, pro se.

Jim Petro, Attorney General, and Christopher D. Betts, Assistant Attorney General, for appellees.