OHIO ACADEMY OF NURSING HOMES ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF JOB AND FAMILY SERVICES ET AL., APPELLEES.

[Cite as *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620.]

(No. 2006–0275—Submitted February 13, 2007—Decided June 13, 2007.)

O'CONNOR, J.

{¶ 1} This appeal requires this court to determine the nature of relief that is available when nursing homes and their trade association seek to challenge a state agency's denial of requests for reconsideration of Medicaid reimbursement rates. For the reasons that follow, we hold that the exclusive avenue of relief available to the nursing homes is to pursue a writ of mandamus. We affirm the judgment of the court of appeals.

### Relevant Background

{¶ 2} Pursuant to R.C. Chapter 5111, the state of Ohio, through appellee Ohio Department of Job and Family Services ("ODJFS"), reimburses certain nursing homes and other facilities through the Medicaid program for the reasonable costs of services provided. Medicaid, a federal-state cooperative program, provides financial assistance to states for the provision of medical care to needy persons. See Section 1396 et seq., Title 42, U.S.Code. Under a "prospective payment" system that has been in place since 1993, Ohio reimburses a qualifying facility by paying it a per diem rate that is calculated based on the actual costs incurred by the facility in a prior period. See, generally, R.C. 5111.02 et seq.; *Drake Ctr., Inc. v. Ohio Dept. of Human Servs.* (1998), 125 Ohio App.3d 678, 685–686, 709 N.E.2d 532. Am.Sub.H.B. No. 152, 145 Ohio Laws, Part II, 3311, Part III, 4083 et seq., effective July 1, 1993.

{¶ 3} A facility's reimbursable costs under R.C. Chapter 5111 include the premium the facility pays to the state Bureau of Workers' Compensation ("BWC"). For several years prior to 2003, the BWC had reduced employers' premiums by about 75 percent under R.C. 4123.32 due to surpluses in the state insurance fund. However, in 2003, the BWC determined that the surplus in the state fund was insufficient to support a discount and required employers to pay their premiums in full.

{¶ 4} Plaintiffs-appellants Main Street Terrace Care Center, Arcadia Acres, Inc., Willowood Care Center of Brunswick, Inc., and Spring Meadows Care Center are Medicaid-participating nursing facilities. Plaintiff-appellant Ohio Academy of Nursing Homes, Inc., is a statewide trade group representing more than 250 Medicaid providers, including the named facilities. Because the prospective payment system set the reimbursement levels based on a year's expenditures when the workers' compensation premiums had been discounted, Medicaid providers were not reimbursed for the increased workers' compensation costs in the initial year they were incurred. Seeking reimbursement of those specific workers' compensation premium costs, appellants requested rate adjustments from ODJFS in letters dated June 27, 2003, and July 1, 2003, for the policy periods January 1, 2003, through June 30, 2004.

{¶ 5} R.C. 5111.29(A) and accompanying statutes and Administrative Code provisions provide a mechanism for seeking reconsideration of rates established under R.C. Chapter 5111. One of the grounds under which a facility may seek rate reconsideration is the "government mandate" provision of R.C. 5111.27(F).[1] Former R.C. 5111.27(F), as applicable to this case, provided, "The department shall adjust the rates calculated under sections 5111.23 to 5111.28 of the Revised Code to account for reasonable additional costs that must be incurred by nursing facilities and intermediate care facilities for the mentally retarded to comply with requirements of federal or state statutes, rules, or policies enacted or amended after January 1, 1992, or with orders issued by state or local fire authorities."[2] 148 Ohio Laws, Part II, 4177, 4959. See, also, former Ohio Adm.Code 5101:3–3–

---

1. Other rate-reconsideration provisions are for "extreme circumstances" under R.C. 5111.29(A)(2) and former Ohio Adm.Code 5101:3–3–24(C), and for "extreme hardship" under R.C. 5111.29(A)(3) and former Ohio Adm.Code 5101:3–3–24(D). Those statutory provisions were significantly revised by 2005 Am.Sub.H.B. No. 66, effective July 1, 2005. Ohio Adm.Code 5101:3–3–24 was repealed, effective February 2, 2006. See 2005–2006 Ohio Monthly Record 2710.

2. R.C. 5111.27(F) has since been amended to delete the mention of "nursing facilities." See 2006 Sub.H.B. No. 530, effective March 30, 2006. Furthermore, R.C. 5111.27(F) now refers to "rates calculated under sections 5111.20 to 5111.33 of the Revised Code." See 2005 Am.Sub.H.B. No. 66, effective July 1, 2005.

241, which set forth the procedures for requesting the rate adjustment specified in R.C. 5111.27(F).[3]

{¶ 6} In their rate-adjustment request letters to ODJFS, appellants specifically referred to former Ohio Adm.Code 5101:3–3–241 and indicated that the requests for additional reimbursement were based on the belief that the increased workers' compensation premium rates constituted a "government mandated increase."

{¶ 7} ODJFS denied the requests in a letter dated August 25, 2003, asserting that the revised workers' compensation premiums did not fall within the definition of a "government mandate" because the premiums were established under the authority of statutes that had been in place since 1953 and do not now invoke "a new statute, rule, or policy."

{¶ 8} Appellants then filed a class action suit in the Court of Common Pleas of Franklin County seeking to force ODJFS, its director, and its deputy director to grant a rate adjustment to fully cover the increased workers' compensation costs on a number of different grounds. In their second amended complaint, appellants sought declaratory and injunctive relief. In the alternative, appellants sought "a writ of mandamus * * * directing and ordering the Defendants to comply with the pertinent provisions of R.C. Chapter 5111 and the rates be recalculated and paid in an amount and manner in compliance with such laws."

{¶ 9} Reasoning that it did not have subject-matter jurisdiction over the complaint, the trial court granted ODJFS's motion to dismiss under Civ.R. 12(B)(1). The trial court determined that the essence of appellants' complaint sought legal damages and that appellants' mandamus claim was so intertwined with the claim for legal damages that exclusive jurisdiction over the complaint rested with the Court of Claims. Furthermore, as to the mandamus claim, the trial court determined that because the rate reimbursement sought was a matter within ODJFS's discretion, there was no clear legal right to the requested relief.

{¶ 10} The court of appeals affirmed in part and reversed in part. Relying on the consideration that ODJFS's decision on a rate-adjustment request is not subject to appeal, the court of appeals concluded that appellants' only avenue for relief was in mandamus. See R.C. 5111.29(A)(5) (ODJFS's decision "at the conclusion of the reconsideration process shall not be subject to any administrative proceedings under Chapter 119. or any other provision of the Revised Code"); former Ohio Adm.Code 5101:3–3–241(D) (ODJFS's decision on a rate-adjustment request "is not subject to appeal pursuant to Chapter 119. of the Revised Code"). The court of appeals cited a number of cases in different

---

3. Ohio Adm.Code 5101:3–3–241 was rescinded, effective February 2, 2006. See 2005–2006 Ohio Monthly Record 2710.

contexts for the principle that "[t]he Ohio Supreme Court has held that when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision." *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 808, 2005-Ohio-6888, 844 N.E.2d 384, ¶ 9.

{¶ 11} The court of appeals determined that because the Court of Claims lacks statutory jurisdiction to consider mandamus actions under R.C. 2731.02, appellants' mandamus claim has to be brought elsewhere. Id. at ¶ 14. Furthermore, in response to ODJFS's argument that appellants' action sought nothing more than legal damages against the state, the court of appeals determined that "[b]ecause appellants' mandamus action seeks a specific order directing ODJFS to perform a legal duty, the common pleas court has subject-matter jurisdiction." Id. at ¶ 16.

{¶ 12} The court of appeals held that appellants are required to pursue mandamus relief through a two-step process. Because ODJFS made an initial determination that no post–1992 government mandate exists under former R.C. 5111.27(F), ODJFS never rendered any discretionary decision as to what rate adjustment, if any, was appropriate. Consequently, the court of appeals determined that appellants' mandamus action must first specifically challenge that initial conclusion that a government mandate is lacking. If the trial court concludes that a government mandate is involved, then the trial court should grant the writ as to that specific point.[4] If the court determines that there is no government mandate, it should deny the writ. Id. at ¶ 18–20.

{¶ 13} If the trial court does grant the writ, then ODJFS would begin step two by exercising its discretion to determine the amount of any rate adjustment. If appellants wish to challenge that result of ODJFS's exercise of discretion, they must then pursue a second writ of mandamus.

{¶ 14} The court of appeals remanded the cause with instructions that the trial court allow appellants the opportunity, if they were to so choose, to amend their complaint to pursue the two-step mandamus process. Id. at ¶ 21–22. Finally, the court of appeals characterized all of appellants' other claims for relief as "efforts to seek readjustment of the reimbursement rate" and determined that they are "subsumed into appellants' mandamus action." Id. at ¶ 21.

## Analysis

{¶ 15} As an initial matter, we agree with the court of appeals that the Court of Claims does not have exclusive jurisdiction over appellants' case. Although the

---

4. Because the "government mandate" issue involves a question of statutory interpretation, it is a mixed question of law and fact, and the trial court's consideration of the legal aspects of the issue would be de novo. See *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591.

ultimate relief that appellants seek is for ODJFS to adjust their reimbursements (so that the state will be providing them more money if they prevail), the essence of their claims is not "money damages" for purposes of the Court of Claims statutes under precedents established by this court.

{¶ 16} *In Santos v. Ohio Bur. of Workers' Comp.,* 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, this court held at the syllabus: "A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2)." In that case, the plaintiffs sought the return of specific funds collected by the BWC under a subrogation statute that this court had held unconstitutional in a different case.

{¶ 17} This court in *Santos* characterized the relief sought as "equitable restitution" and stated that the action was "not a civil suit for money damages but rather an action to correct the unjust enrichment of the BWC." Id. at ¶ 14, 17.

{¶ 18} Likewise, in *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St.3d 97, 104–105, 579 N.E.2d 695, this court observed, quoting *Bowen v. Massachusetts* (1988), 487 U.S. 879, 895, 108 S.Ct. 2722, 101 L.Ed.2d 749, " 'Damages "are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." D. Dobbs, Handbook on the Law of Remedies 135 (1973). Thus, while in many instances an award of money is an award of damages, "[o]ccasionally a money award is also a[n] [in] specie remedy." ' " (Emphasis sic.)

{¶ 19} Because the ultimate relief sought in this case is similar to the ultimate "equitable restitution" relief pursued in *Santos,* the Court of Claims does not have exclusive jurisdiction over this case. In addition, we agree with the conclusion reached by the court of appeals that appellants' mandamus claim does not belong in the Court of Claims because that court lacks statutory jurisdiction to consider mandamus actions under R.C. 2731.02.

{¶ 20} The dispositive issue raised by this appeal is whether appellants' sole remedy is through mandamus relief, as the court of appeals held. Appellants assert two propositions of law to support their overall argument that other forms of relief should be available to them. Appellants first propose that "Medicaid providers may bring an injunction action pursuant to R.C. Chapter 2727 and a declaratory judgment action pursuant to R.C. Chapter 2721 in Common Pleas Courts to seek enforcement of their rights under R.C. 5111.21 et seq." In their second proposition of law, appellants assert that "[m]andamus is not an available remedy to a Medicaid provider seeking to enforce the provisions of R.C. 5111.20 to 5111.32 as a declaratory judgment action is an available adequate remedy at law."

{¶ 21} For the reasons that follow, we fully agree with the conclusions drawn by the court of appeals on the primary issue. Relief through a *mandamus* action is the sole remedy available to appellants.

{¶ 22} The key consideration in this case, no matter how much appellants attempt to minimize it, is that pursuant to R.C. 5111.29(A)(5), ODJFS's decision at the conclusion of the rate-reconsideration process is expressly not subject to appeal.

{¶ 23} This court has repeatedly determined in a long line of cases in varying contexts that when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision, by attempting to show that the agency abused its discretion.

{¶ 24} A representative sample of the many illustrative cases includes *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 6 (State Highway Patrol Retirement Board's decision that the application of a member of the State Highway Patrol Retirement System should not be considered for disability retirement benefits is reviewable in mandamus because R.C. 5505.18 does not provide for an appeal from the determination); *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 35 (State Employment Relations Board's dismissal of unfair-labor-practice charges for lack of probable cause is not appealable under R.C. 4117.12(B), so mandamus action is appropriate remedy to obtain review); *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14 (State Teachers Retirement Board's denial of disability retirement benefits to a member of the State Teachers Retirement System is reviewable in mandamus because R.C. 3307.62 does not provide for an appeal from the decision); *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 457–458, 755 N.E.2d 886 (denial of attorney's request for carryover of continuing-legal-education credit hours by Supreme Court Commission on Continuing Legal Education is not subject to appeal, so mandamus is the appropriate remedy); *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 278–279, 737 N.E.2d 519 (Industrial Commission orders on the extent of a claimant's disability are not appealable under R.C. 4123.512 and must be challenged in mandamus); *State ex rel. Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 239, 694 N.E.2d 1356 (Public Employees Retirement Board's denial of service credit to a member of the Public Employees Retirement System is reviewable in mandamus).

{¶ 25} Two important competing concerns are implicated when a party wishes to challenge a particular state actor's decision that expressly is not appealable. The first concern is that the unavailability of an appeal indicates the clear

intention that full discretion is to be entrusted to the state agency. The opposing concern is that if an agency's discretionary decision were truly allowed to be absolutely unchallengeable, an aggrieved party would have no remedy whatsoever, giving the state agency unfettered discretion and raising fundamental due process concerns. See Section 16, Article I of the Ohio Constitution, which provides that a remedy shall be available "by due course of law."

{¶ 26} In light of these very significant competing concerns, courts (including this court in many different situations) have determined that some level of review must be recognized. Furthermore, courts have determined that a writ of mandamus provides an appropriate balance between the extreme of allowing no challenge at all and the other alternative of completely ignoring the explicit directive that an agency's particular determination is not meant to be appealable. In such a mandamus action, the aggrieved party can challenge the agency's decision, but must demonstrate an abuse of discretion before relief can be provided.

{¶ 27} In this case, R.C. 5111.29(A)(5) provides clear and unassailable documentation that ODJFS's decision under R.C. 5111.27(F) is intended to be discretionary and not subject to appeal. There is no need to conduct further inquiry into the statutory intent. The same principle that provides a writ of mandamus as the only relief available in cases such as *Moss, Portage Lakes, Pipoly, Potts, Liposchak,* and *Mallory* operates to provide an action in mandamus as the sole avenue of relief available to appellants.

{¶ 28} Appellants are in the same position as the relators in those cases. It is no more inequitable to require appellants to seek relief in mandamus than it is to require parties in other settings who seek to challenge discretionary decisions of state agencies that are expressly not appealable to pursue mandamus relief.

{¶ 29} Appellants in this case are in essence attempting to appeal an agency's discretionary decision that expressly is not appealable. A declaratory judgment action under R.C. 2721.03, which seeks to "obtain a declaration of rights," is not available to them because the only right that appellants have in this situation is the limited right to have ODJFS consider their rate-adjustment requests without abusing its discretion. A declaratory judgment action is not a mechanism by which to review an alleged abuse of discretion of this type. See *State ex rel. Swartzlander v. State Teachers Retirement Bd.* (1996), 117 Ohio App.3d 131, 136, 690 N.E.2d 36 (declaratory judgment action is not a proper vehicle to review an agency's discretionary decision that is not subject to direct appeal). Neither is injunctive relief.

{¶ 30} On the issue of whether appellants' sole relief must be through mandamus, this case is readily distinguishable from our decisions in *Ohio Academy of Nursing Homes, Inc. v. Barry* (1990), 56 Ohio St.3d 120, 564 N.E.2d

686; *Ohio Hosp.*, 62 Ohio St.3d 97, 579 N.E.2d 695; and *Santos*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, all of which involved plaintiffs who validly pursued relief in declaratory judgment and injunction. In contrast to those cases, this case involves a challenge to a specific discretionary decision of an agency (under the rate-reconsideration process) that is expressly not appealable by statute.

{¶ 31} Because this case is fundamentally distinguishable, appellants' argument based on stare decisis fails. Appellants' contention that previous decisions of this court conclusively establish that a provider can sue in declaratory judgment and for injunctive relief to challenge ODJFS's establishment of a reimbursement rate is so broad as to be inapplicable. Although there are other potential reasons why those cases might be distinguishable, it is sufficient to recognize that none of the three cases involved a state agency's discretionary decision that was expressly not appealable.

## Conclusion

{¶ 32} For the foregoing reasons, we hold that when a state agency's decision is discretionary and by statute not subject to appeal, an action in mandamus is the sole avenue of relief available to a party challenging the agency's decision. We fully affirm the judgment of the court of appeals, including agreeing with that court that appellants must seek mandamus relief through a two-step process.

Judgment affirmed.

MOYER, C.J., O'DONNELL and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur in part and dissent in part.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 33} I do not agree that "mandamus is the sole avenue of relief available to a party challenging the [state] agency's decision." None of the cases cited in support of the syllabus law state that mandamus is the "sole" remedy available. Two of those cases suggest that there are other remedies available by stating that mandamus is "an" appropriate remedy. See *State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys.*, 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 6 ("mandamus is an appropriate remedy"); *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14 ("mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body"). The two cases that say that mandamus is "the" appropriate remedy are more supportive of the majority opinion's conclusion. See *State ex rel. Portage Lakes Edn. Assn.*,

*OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 35; *State ex rel. Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 239, 694 N.E.2d 1356. Still, I am not convinced that there can never be a remedy other than mandamus in a case like the one before us. There could be a case in which "[d]eclaratory judgment is an adequate remedy at law" to a party challenging the decision of an agency. See Justice Lanzinger's separate opinion.

{¶ 34} I concur in judgment because mandamus is an appropriate remedy in this case. I dissent in part because we should not declare mandamus to be "the sole avenue of relief available to a party challenging the agency's decision."

---

LANZINGER, J., **concurring in part and dissenting in part.**

{¶ 35} I concur in the majority's conclusion that the Court of Claims does not have exclusive jurisdiction over this case, but dissent from its determination that an action in mandamus is the sole avenue of relief available. In *Ohio Academy of Nursing Homes, Inc. v. Barry* (1990), 56 Ohio St.3d 120, 564 N.E.2d 686, this court stated that Medicaid providers have a legitimate property interest in the reimbursement rate provided under former R.C. 5111.21, 141 Ohio Laws, Part I, 4102, and former 5111.22, 140 Ohio Laws, Part I, 838, 861–862, and that they may seek to enforce that right with an injunction or declaratory judgment action. *Ohio Academy of Nursing Homes* at paragraph two of the syllabus.

{¶ 36} I believe that the majority opinion mischaracterizes the right the appellants seek to enforce. Instead of the right to "have ODJFS consider their rate-adjustment requests without abusing its discretion," appellants request a declaration that ODJFS is required to adjust their rate reimbursement pursuant to former R.C. 5111.27(F) because the elimination of any premium reduction by the Bureau of Workers' Compensation ("BWC") constitutes a "government mandate."[5] As the majority acknowledges, the determination of whether BWC's actions is a government mandate involves a question of statutory interpretation. Declaratory judgment is an adequate remedy at law for this determination, and therefore, mandamus is not the proper avenue of relief. Once that question is

---

5. Former R.C. 5111.27(F) provided, "The department *shall adjust* the rates calculated under sections 5111.23 to 5111.28 of the Revised Code to account for reasonable additional costs that must be incurred by nursing facilities and intermediate care facilities for the mentally retarded to comply with requirements of federal or state statutes, rules, or policies enacted or amended after January 1, 1992, or with orders issued by state or local fire authorities." (Emphasis added.) 148 Ohio Laws, Part II, 4177, 4959.

answered, the amount of any rate adjustment would be a discretionary act subject to challenge via a mandamus action.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

Geoffrey E. Webster, Eric B. Hershberger, and Paul V. Disantis, for appellants.

Marc Dann, Attorney General, Stephen P. Carney, Senior Deputy Solicitor, and Rebecca L. Thomas, Senior Assistant Attorney General, for appellees.

---

IN RE S.J.K.

[Cite as *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621.]