Pfeifer, J.,
dissenting.
{1Í 32} PERS abused its discretion by denying the surviving spouse’s request for the joint-survivorship annuity. I believe that the surviving spouse, Donna Shisler, is entitled to the requested extraordinary relief, and, therefore, I dissent from the majority opinion.
*154 {¶ 33} As the majority concedes, the pertinent statutory provision, R.C. 145.46, “does not specify that an election to change a pension-payment plan is invalidated if the retiree dies before the election is received by the PERS board.” Majority opinion at ¶ 20. Accordingly, nothing in the statute necessitates the invalidation of Robert McLaughlin’s election to change his payment plan simply because he died before the PERS board received his plan change, and this court should not add language that does not exist in R.C. 145.46. See State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32.
{¶ 34} Moreover, by applying the in pari materia rule of statutory construction, the majority implicitly recognizes that R.C. 145.45 is ambiguous. See State v. Coburn, 121 Ohio St.3d 310, 2009-Ohio-834, 903 N.E.2d 1204, ¶ 13 (unnecessary to read a statute in pari materia when the statute is not ambiguous). Because of R.C. 145.46’s ambiguity, we must read it “liberally in favor of the interests of the public employees and their dependents that the pension statutes were designed to protect.” State ex rel. Solomon v. Police & Firemen’s Disability & Pension Fund Bd. of Trustees (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486; State ex rel. Moss v. Ohio State Hwy. Patrol Retirement Sys., 97 Ohio St.3d 198, 2002-Ohio-5806, 777 N.E.2d 259, ¶ 21. And we must also avoid an illogical or absurd result in interpreting this ambiguous provision. In re T.R., 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16.
{¶ 35} Applying these long-standing rules of statutory construction, the court should conclude that McLaughlin intended that Shisler receive the joint-survivor-ship annuity upon his death and that he took all the steps required by R.C. 145.46 to effectuate his intention. Cf. Polen v. Baker (2001), 92 Ohio St.3d 563, 565, 752 N.E.2d 258, quoting Oliver v. Bank One, Dayton, N.A. (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55 (“ ‘[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator’ ”). And McLaughlin’s intentions were not ephemeral. He sent in a completed form that selected all the payment plans, an oversight that perhaps could have been and should have been corrected with a simple phone call. Instead he was asked to send in another completed form, which he did. There is nothing else McLaughlin could have done to effectuate his intentions, except not die.
{¶ 36} I conclude that PERS abused its discretion in adopting an interpretation of R.C. 145.46 that is not supported by its plain language and that the majority’s holding is contrary to our duties to liberally construe pension provisions in favor of members and their beneficiaries and to avoid illogical results. Shisler is entitled to the requested writ of mandamus. I dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.
*155 Law Offices of Tony C. Merry, L.L.C., and Tony C. Merry, for appellant.
Richard Cordray, Attorney General, and Laura Erebia Parsons, Assistant Attorney General, for appellee.