*10 Moyek, C.J.,
concurring in part and dissenting in part.
{¶ 38} I agree with the majority’s conclusion that the Environmental Review Appeals Commission (“ERAC”) has jurisdiction to review only final decisions of a local board of health or the director of environmental protection, but for different reasons. I would also hold that the Trumbull County Health Department’s actions in this case, refusing to consider a license application because it was incomplete, did not constitute a final decision, and, therefore, ERAC properly determined that it did not have jurisdiction to hear the appeal.
I
{¶ 39} The proper resolution of this case follows directly from the precise text of the statute at issue, R.C. 3745.04, which provides ERAC’s appellate jurisdiction. When interpreting a statute, we first look to its plain language and apply it as written if the meaning is unambiguous. State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. R.C. 3745.04(B) provides: “Any person who was a party to a proceeding before the director of environmental protection may participate in an appeal to the environmental review appeals commission for an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act.”
{¶ 40} The majority determines that this section requires a final determination by the local board of health because “ERAC’s statutory authority to order the performance of an act is ancillary to ERAC’s appellate jurisdiction to review final actions of a local board of health or the director of environmental protection.” Majority opinion at ¶ 26. The majority’s rationale in support, that this ancillary authority allows ERAC to order some act, such as issuing a license, rather than merely vacating an order, ignores the fact that ERAC could order that same act simply by modifying the original order pursuant to its primary grant of authority in R.C. 3745.04 to vacate or modify. More important, the majority’s analysis belies the proper construction of the statutory text as described by the dissent. There is nothing in the statute to suggest that the second grant of authority is somehow ancillary to the first. As noted in the dissent, the conjunction “or” is used to establish two separate grants of jurisdiction.
{¶ 41} This latter construction does not, however, mean that ERAC can consider appeals without a final action by the local board of health, as the dissent contends. The first part of the sentence in R.C. 3745.04(B) providing for appeals to ERAC states that “[a]ny person who was a party” may appeal. (Emphasis added.) The past tense used in the statute presumes that the proceeding being appealed to ERAC has concluded, resulting in some final action by the local board of health. If the local board has not yet taken any action on a license application, for example, then the applicant would still be a party to that *11 proceeding and he would not meet the plain text of the statutory requirement for ERAC appellate jurisdiction. R.C. 3745.04(B) does therefore require a final action by a local board of health or the director of environmental protection for a party to appeal to ERAC.
{¶ 42} Were this court to read the statute to allow appeals of nonfinal actions, the limited appeal system established by the General Assembly would be meaningless. A party could completely bypass the local board of health in favor of immediately petitioning ERAC to order the local board to perform some act. That arrangement would thwart legislative intent and put a heavy burden on the resources of ERAC.
II
{¶ 43} A determination by a local board of health or the director of environmental protection that a license application is incomplete, as occurred in this case, cannot constitute a final action under R.C. 3745.04 so that ERAC would have jurisdiction to hear an appeal. As noted by the majority, once an application is deemed to be incomplete, the regulations require that the applicant be notified of the deficiency to allow the applicant to supplement the application. Ohio Adm.Code 3745-37-02(A)(2). The license-approval proceeding is still ongoing at this stage. The regulations specifically contemplate further consideration of an application once the deficiencies have been rectified. See id.
{¶ 44} The majority concludes that a decision of a local board of health that an application is incomplete may still be a final action “if it in effect determines any legal right or privilege of the appellant.” Majority opinion at ¶ 34. But such a decision will never completely determine the applicant’s legal rights because the local board will have reached no decision regarding the applicant’s right to a license, and once an application’s deficiencies are remedied, the application will then be considered and ruled upon.
{¶ 45} The majority further contends that a contrary holding could allow a local board or the director of environmental protection to evade review if it seeks to deny an applicant from obtaining a license by perpetually deeming the application incomplete. An aggrieved applicant could, however, file an action in mandamus to compel the local board or director to consider the application, if it is in fact complete, and either issue or deny a license. For an action to lie in mandamus a relator must demonstrate (1) a clear legal right to the relief sought, (2) a clear legal duty of the respondent to perform the requested action, and (3) the lack of an adequate remedy at law. State ex rel. Ohio Assn. of Pub. School Emps. v. Batavia Local School Dist. Bd. of Edn. (2000), 89 Ohio St.3d 191, 198, 729 N.E.2d 743.
*12 {¶ 46} R.C. 3714.051 satisfies the first two parts of the test by requiring a board of health or the director of environmental protection to issue a license for a facility for the disposal of construction and demolition debris if the proposal complies with the appropriate rules and standards. An applicant would further have no adequate remedy at law, because R.C. 3745.04 permits appeals to ERAC only of final decisions by the local board or director, as discussed above. We have held that “when a state agency’s decision is discretionary and by statute not subject to appeal, an action in mandamus is the sole avenue of relief available to a party challenging the agency’s decision.” Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs., 114 Ohio St.3d 14, 2007-Ohio-2620, 867 N.E.2d 400, ¶ 32.
III
{¶ 47} I concur in the majority’s holding that R.C. 3745.04(B) requires a final action by the local board of health or director to permit an appeal to ERAC. I dissent, however, from the conclusion that a letter from a local board deeming a license application incomplete can constitute a final action and be subject to appeal. I would therefore reverse the judgment of the court of appeals.