Cupp, J.,
dissenting.
{¶ 37} A plain and fair reading of the statute in question, I believe, is that the decision of the Ohio Department of Education (“ODE”) regarding whether the applicant, Brookwood Presbyterian Church (“Brookwood”), is an education-oriented entity is final, in the plain and ordinary sense of the word “final,” as that word is used in R.C. 3314.015(B)(3). “Final” in this context means “leaving no further chance for action, discussion, or change; deciding; conclusive [a final decree].” (Emphasis sic.) Webster’s New World Dictionary, Third College Edition (1988) 506. Contrary to the interpretation of the majority, the legislature has clearly expressed its intent that the decision of ODE on this issue may not be appealed. I would affirm the judgment of the court of appeals.
{¶ 38} My conclusion is not based upon any public-policy considerations, which are not within the province of the courts when the intent of the legislature is clear. It is not for us to decide whether the General Assembly has made a wise policy choice or an undesirable policy choice in entrusting this determination to ODE.
{¶ 39} I generally agree with most of Chief Justice Brown’s analysis, but I would note also that appellant Brookwood, while not granted a statutory right of *479 appeal, is not without a remedy. An action in mandamus is available when a statute makes an agency’s decision, such as the one here, “final” in that it may not be appealed through the usual appeals process. See, e.g., Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs., 114 Ohio St.3d 14, 2007-Ohio-2620, 867 N.E.2d 400, ¶ 26 (“courts have determined that a writ of mandamus provides an appropriate balance between the extreme of allowing no challenge at all and the other alternative of completely ignoring the explicit directive that an agency’s particular determination is not meant to be appeal-able”).
Buckley King, L.P.A., Donell Grubbs, and James S. Callender Jr., for appellant.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Mia Meucci, Assistant Solicitor, for appellee.
{¶ 40} In fact, appellant has filed an action in mandamus with this court to challenge ODE’s decision. The mandamus action has been stayed pending the resolution of this case. Case No. 2009-2055, State ex rel. Brookwood Presbyterian Church v. Ohio Dept. of Edn., motion for stay granted, 124 Ohio St.3d 1479, 2010-Ohio-430, 921 N.E.2d 249. Appellant alleges in the complaint in that case that it has operated an educational program since 2002 to provide services to special-needs students who are not adequately served in traditional education programs and that students are referred to appellant’s program by area schools, public community schools, juvenile court personnel, counseling services, and parents. Based on these allegations, appellant’s mandamus action may well have merit. But that action in mandamus is the proper manner in which to address this issue — not this appeal.
{¶ 41} Consequently, while I would hold that appellant does not have a right of appeal due to the specific requirement of R.C. 3314.015(B)(3), I would simultaneously lift this court’s stay of the presentation of evidence and the briefing of appellant’s mandamus action, and proceed to a resolution of case No. 2009-2055. Because the majority decides otherwise, I must respectfully dissent.